UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

ASHLEY MCLAUGHLIN,

     Plaintiff,

v.

CITY OF METHUEN, TRACEY
NOONAN, Detective of the Methuen Police
Department, RICHARD SAWYER, Police
Officer of the Methuen Police Department,
ERIC DELEON, Sergeant of the Methuen
Police Department, JOSE SANTIAGO,
Police Officer of the Methuen Police
Department, and MATTHEW MOREL,
Police Officer of the Methuen Police
Department.

     Defendants.

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This action includes counts for damages, attorneys' fees and costs pursuant to 42 U.S.C.

§§ 1983 and 1988 for violations and deprivations by the Defendants of the Plaintiff's rights and

protections guaranteed to her by the Fourth, Fifth, Sixth and Fourteenth Amendments to the

United States Constitution, the Massachusetts Declaration of Rights including but not limited to

Art. XIV, Mass. Gen. Law c. 276 §1 et seq., and Mass. Gen. Law c. 12, §§11 H and I, as well as

damages pursuant to common law claims set forth herein.

Claims herein are asserted against certain City of Methuen police officers for wrongful

conduct under color of law that includes, but is not limited to a warrantless stop, detention,

and/or arrest in the absence of probable cause or other exception to the warrant rule; the use of

threats, intimidation, or coercion to attempt to interfere with the Plaintiff's exercise or enjoyment of rights secured by the laws or Constitution of the Commonwealth or the United States; conspiracy to violate the Plaintiff's rights; the use of force that was unreasonable under the circumstances; assault and battery; false imprisonment; and the intentional infliction of emotional distress.   Plaintiff seeks punitive damages.

Defendant City of Methuen ("Methuen") is sued for tolerating, fostering,  and/or allowing the use of excessive force and/or allowing the development and/or implementation of a policy or custom of violating the state and federal civil rights of civilians, of failing to properly supervise, investigate, educate and/or discipline its police officers including but not limited to a reckless, grossly negligent, callously indifferent approach to officer training, discipline, and oversight, and other wrongful conduct.  Plaintiff asserts that these policies and customs allowed Methuen police officers to believe they could violate the constitutional rights of civilians, such as the Plaintiff, with impunity.

## PARTIES

1. The Plaintiff, Ashley McLaughlin ("McLaughlin"), is an individual who resides in Groveland, County of Essex, Commonwealth of Massachusetts.

2. The Defendant, the City of Methuen ("Methuen") is a municipality in Massachusetts and is sued as a local government under the *Monell* doctrine.  It has its principal place of business in City Hall, Searles Building, at 41 Pleasant Street in Methuen, County of Essex, Commonwealth of Massachusetts.

3. Tracey Noonan ("Noonan") was at all times relevant hereto a duly appointed law enforcement member of the Methuen Police Department.  Her actions as alleged in this Complaint were taken by her under color of law and pursuant to either official policy, custom, practice, and/or usage of Methuen and/or its Police Department.  She is sued in her individual capacity.

4. Richard Sawyer ("Sawyer") was at all times relevant hereto a duly appointed law enforcement member of the Methuen Police Department.  His actions as alleged in this Complaint were taken by him under color of law and pursuant to either official policy,

custom, practice, and/or usage of Methuen and/or its Police Department.  He is sued in his individual capacity.

5. Eric Deleon ("Deleon") was at all times relevant hereto a duly appointed law enforcement member of the Methuen Police Department.  His actions as alleged in this Complaint were taken by him under color of law and pursuant to either official policy, custom, practice, and/or usage of Methuen and/or its Police Department.  He is sued in his individual capacity.

6. Jose Santiago ("Santiago") was at all times relevant hereto a duly appointed law enforcement member of the Methuen Police Department.  His actions as alleged in this Complaint were taken by him under color of law and pursuant to either official policy, custom, practice, and/or usage of Methuen and/or its Police Department.  He is sued in his individual capacity.

7. Matthew Morel ("Morel") was at all times relevant hereto a duly appointed law enforcement member of the Methuen Police Department.  His actions as alleged in this Complaint were taken by him under color of law and pursuant to either official policy, custom, practice, and/or usage of Methuen and/or its Police Department.  He is sued in his individual capacity.

8. For purposes of the within Complaint, the term "Defendant Officers" as used herein shall refer to the individual Defendants collectively, including Noonan, Sawyer, Deleon, Santiago, and Morel.

9. At all times relevant hereto, the Defendant Officers acted under color of law of the Commonwealth of Massachusetts.

## **FACTS**

10. This case arises out of tortious injuries caused by the Defendants through their conduct, misconduct, failure to act as required by law and policy, and other wrongful conduct on or about November 27, 2018.

11. The Defendants acted negligently, grossly negligently, recklessly, and with deliberate indifference to Plaintiff's rights, including her constitutional rights, in their failure to properly carry out the duties and responsibilities entrusted to them and upon which the residents of the Commonwealth of Massachusetts depended.

12. The Defendants' conduct deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution and the laws of the United States and of the Commonwealth of Massachusetts.

13. On November 27, 2018, the Plaintiff, McLaughlin, was working as an Occupational Therapist and Home Health Aide.  On that date, she treated a patient at their home in or around Lawrence, Massachusetts.

14. At all times relevant hereto, McLaughlin was wearing medical scrubs and had her work-issued name tag with her.

15. After McLaughlin performed her work duties in or around Lawrence, she drove her vehicle to and stopped at the McDonald's restaurant located at 40 Jackson Street in Methuen.

16. McLaughlin pulled into the McDonald's parking lot.  Before she could turn the vehicle off, a man dressed in a black and gray 'hoodie' sweatshirt and a 'beanie' cap forcibly opened her driver's side door.

17. McLaughlin was immediately afraid, and thought that she was being kidnapped.

18. Nothing about the individual's appearance suggested that he was a police officer, and McLaughlin had no reason to believe he was a police officer.  The man did not identify himself.

19. McLaughlin tried to get away from the man, who she later learned was an officer of the Methuen Police Department, herein named as Defendant.  He did not identify himself.  The Defendant Officer physically overpowered her and pulled her out of her vehicle.

20. Methuen has since identified and disclosed the identity of this Officer to be Defendant Officer Santiago.

21. Defendant Officer Santiago did not have a warrant to detain or arrest the Plaintiff.

22. After the Defendant Officer pulled her from her vehicle, McLaughlin observed two more men and a female surround her and the vehicle.  None were in uniform.  None identified themselves or otherwise indicated they were members of the Methuen Police Department.  McLaughlin later learned they were additional Methuen Police Officers.

23. The Defendant Officers began to yell at her, asking "where are the drugs?! We know you went to [REDACTED ADDRESS] in Lawrence to get drugs and he slipped them into your pocket."[1]

24. McLaughlin, still unaware that her attackers were in fact Methuen Police Officers, as they had not identified themselves, tried to get away from them.  The Defendant Officers physically overpowered her, and she was unable to get away.

25. Two of the Defendant Officers pushed McLaughlin up against a car and handcuffed her.  The two Defendant Officers threw her onto the ground, face down, then applied pressure to her back.

---

[1] McLaughlin had treated patient John Doe (fictitious name pursuant to HIPAA) at the address the Defendant Officers shouted at her.  Clearly they had followed her for some time, unbeknownst to her, before she arrived at McDonald's.

26. Methuen has since identified and disclosed the identities of these Officers to be Defendant Officer Santiago and Defendant Officer Morel.

27. At no time was the Plaintiff, a 35 year old woman of approximately 5'5" and 132 pounds, in possession of anything that would be used as a weapon.  She was unarmed.

28. The Defendant Officers then lifted McLaughlin, handcuffed, off the ground and stood her on her feet. The Defendant Officer Noonan ripped Plaintiff's jacket off and searched her person through her clothing, including pulling down her pants and taking her shoes off.

29. The Defendant Officers did not have a warrant to conduct a search of the Plaintiff's person.

30. McLaughlin tried to explain that she did not know anything about any drugs and that she did not have any drugs on her person.  She told the Defendant Officers that she was working as an Occupational Therapist and had just finished a discharge with John Doe. She told them she does not do drugs and did not have drugs in her possession.

31. The female officer, later ascertained to be Defendant Officer Noonan, continued to shout at McLaughlin, calling her a liar, and told her that when they "strip you down at the station and find the drugs, you will go to jail."

32. McLaughlin again attempted to tell the Defendant Officers that they were making a mistake.  She offered to let them call her boss to confirm that she had just been with a patient.  The officers ignored her.

33. At no time did the Defendants have a warrant, or other authority, to detain and search the Plaintiff.

34. The Defendant Officers conducted an unwarranted search of Plaintiff's vehicle, causing damage to the vehicle in the process.

35. The Defendant Officers had handcuffed McLaughlin so that she could not move her hands. They placed her into a vehicle and took her to the police station against her will.

36. Methuen later identified the Officers who were involved in the unlawful arrest and detention of the Plaintiff as herein named Defendants Tracey Noonan, Richard Sawyer, Eric DeLeon, Jose Santiago, and Matthew Morel.

37. At the station, a uniformed female officer asked McLaughlin if she knew why she was detained.  Plaintiff responded that she had no idea why she was detained.  The officer responded, "oh right, you have drugs on you but you have no idea why you are here."

38. The Defendants stripped McLaughlin of her clothes, jewelry and accessories and forced her into a jail cell.

39. The Defendants violently performed a physical search of her body.  They looked in her mouth, under her lips, behind her ears, in her hair, under her breasts, at her feet, and had her spread her buttocks and cough.  She was then fingerprinted and photographed.

40. After the being violently assaulted by the Defendants, arrested, stripped, physically searched, and booked, two male officers approached her and told her that the Defendants had wrongfully arrested her.

41. Despite admitting that the Defendants wrongfully arrested her, the Defendants charged the Plaintiff with disorderly conduct.  They put her in a jail cell and locked her in the cell for an hour.

42. The Defendants wrongfully detained and continued to hold McLaughlin without cause and against her will.

43. An hour later, a different uniformed officer came into her cell and told her she "did this to your family, you're the one with a drug problem," told her she has "mental issues," and it was her choice that she did not seek help.  McLaughlin explained to the officer that he was incorrect and that she had been informed the drug suspicion had been due to the Defendants' error.  The officer responded that she was wrong, and that McLaughlin would be "locked up" until 4:30 p.m.  He locked her back in the cell.

44. The Defendants created a report relative to their arrest of the Plaintiff.  The narrative the Defendants prepared is false and inaccurate.  The report contains a falsified narrative prepared  to cover up and shield the Defendants from their wrongful conduct.

45. McLaughlin was later re-handcuffed and transported to Lawrence District Court, where officers handcuffed her ankles together in shackles and she was held in a cell for another hour before seeing a judge.

46. At this appearance, the judge dismissed the charge of disorderly conduct brought against the Plaintiff.

47. The Defendant Officers all participated and acted in concert with each other to falsely charge the Plaintiff with committing a crime in an attempt to cover up their misconduct.

48. The criminal charge brought against the Plaintiff were dismissed by the Lawrence District Court upon request of the Commonwealth on or about November 27, 2018.

49. As a direct and proximate result of the wrongful conduct of the Defendant Officers and City of Methuen, Plaintiff suffered and continues to suffer physical and emotional damages including but not limited to fear, anxiety, hypersensitivity, and depression.

50. As a direct and proximate result of the wrongful conduct of all Defendants, the Plaintiff suffered substantial emotional distress and anxiety and still does not feel safe or secure.

Plaintiff's anxiety around police is such that she no longer trusts police to protect or assist her in the event that a crime is perpetrated against her.

51. In furtherance of the pursuit of wrongful prosecution and action against the Plaintiff by the Defendants, Officer Noonan prepared a false report to support the Defendants' charges of disorderly conduct against the Plaintiff.

52. Methuen and its Police Department have allowed policies or customs to develop within its police department that have caused Methuen police officers to believe they can violate rights protected by the Constitution with impunity.  These policies or customs were a moving force behind the misconduct that resulted in the violation of the Plaintiff's constitutional rights.

53. Prior to November 27, 2018, Methuen had a policy of deliberate indifference to the right of civilians by failing to adequately supervise, educate, and/or discipline its police officers.

54. In keeping with this policy or custom, Methuen, upon information and belief, ignored the actions of the named Defendant officers, failed to conduct an adequate investigation of the incidents of November 27, 2018, failed to educate their officers as to appropriate conduct under the circumstances, and did not discipline any of the officers for the misconduct described herein.

55. Methuen failed to appropriately supervise its officers, including the Defendant Officers, to monitor their conduct and behavior to ensure that it did not violate policies or the constitutional rights of civilians.

56. The Defendant Officers illegally threatened McLaughlin with arrest in order to coerce McLaughlin and interfere with her constitutional rights, including but not limited to her right move about freely.

57. The Defendant Officers actions evidence their belief that their conduct would not be properly monitored or reviewed, and that Methuen would tolerate their unconstitutional behavior.

58. The Defendant Officers were all emboldened by their understanding that they would not be reprimanded or disciplined for their actions and that their behavior would not be supervised or otherwise monitored.

59. In keeping with its policies, Methuen, upon information and belief, did not investigate the actions of the Defendant Officers, nor did Methuen discipline any of them.

60. *A fortiori*, Methuen did not educate the Defendant Officers as to the illegality of their conduct so that they would not repeat the same behavior.

61. Methuen had obligations to supervise, monitor, investigate, discipline, and/or educate its officers in the appropriate use of reasonable force, and of behavior previously adjudicated to be in violation of civil rights guaranteed by the United States and the Commonwealth.

62. Methuen failed to meet those obligation, as evidenced in part by the actions of the Defendant Officers that include, but are not limited to the fact that at one point, one or more of the Defendant Officers admitted to the Plaintiff that she had been misidentified, but continued to engage in constitutionally violative behavior nevertheless, and in light of prior actions against Methuen that would put it on notice that their conduct was prohibited under the circumstances.

63. The Defendants knew or should have known their conduct violated the duty of reasonable care and the Plaintiff's legally guaranteed protections.

64. Methuen, by its action and inaction described herein, acted in a reckless, grossly negligent, callously and deliberately indifferent, or other wrongful manner pursuant to 42 USC §1983, that encouraged or otherwise allowed or emboldened its officers to act in a manner highly likely to result in a violation of citizens' civil rights and highly likely and foreseeable to result in harm. *See Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

65. The violations by the Defendant Officers of the Plaintiff's constitutional rights were caused in no small part by the policies, practices, procedures and/or customs of Methuen, as described herein.

66. Methuen's actions, as set forth herein, along with the actions of the Defendant Officers, exhibited such recklessness and gross negligence and such a deliberate indifference as to shock the conscience of all people.

## COUNTS

### COUNT I
### CIVIL RIGHTS VIOLATIONS PURSUANT TO 42. U.S.C. § 1983
### (Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)

67. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 66 of the Complaint as if expressly set forth herein.

68. This Count is brought by the Plaintiff, Ashley McLaughlin, against Defendant Officers who, by their actions described herein, violated the constitutional rights of the Plaintiff as protected by the Fourth, Fifth, Sixth and Fourteenth Amendments, including but not limited to the right to be safe and secure in her person, the right not to be deprived of life, liberty, or property without due process of law, the right to be free from unreasonable searches or seizures, the right to be free from arrest unsupported by probable cause, the right to be free from excessive force by the police, the right to move about freely, the

right to be informed of the nature and cause of the accusation made against her, as well as other rights guaranteed or secured under the United States Constitution.

69. The Plaintiff suffered physical and emotional harm as a result of the Defendant Officers' actions and inactions as set forth herein.  The actions of the Defendant Officers as set forth herein were made under color of law and without justification or probable cause.

70. All of the Defendant Officers were on notice, knew, or should have known that the actions they took would or were highly likely to violate Plaintiff's constitutional rights, and were likely to cause her harm.

71. As a direct and proximate result of the aforesaid acts of the Defendant Officers who were acting under color of law, the Plaintiff has suffered and will continue to suffer physical injuries, mental anguish and other damages.

### COUNT II
### COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983
### (Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)

72. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 71 of the Complaint as if expressly set forth herein.

73. This Count is brought by the Plaintiff, Ashley McLaughlin, against the Defendant Officers for conspiracy to violate her constitutional rights and who, by their actions described herein, acted jointly and in concert in furtherance of said conspiracy to violate Plaintiff's constitutional rights, and in fact did violate her rights protected by the Fourth, Fifth, Sixth and Fourteenth Amendments including but not limited to the right to be safe and secure in her person, the right not to be deprived of life, liberty, or property without due process of law, the right to be free from unreasonable searches or seizures, the right to be free from arrest unsupported by probable cause, the right to be free from excessive force by the police, the right to move about freely, the right to be informed of the nature and cause of the accusation made against her, as well as other rights guaranteed or secured under the United States Constitution.

74. Said conduct thereby obstructed the course of justice and caused a deprivation of rights to the Plaintiff as set forth herein.

75. As a direct and proximate result of the aforesaid acts of the Defendant Officers, who were acting under color of law, the Plaintiff has suffered and will continue to suffer physical injuries, mental anguish and other damages.

<u>**COUNT III**</u>
**CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §1983**
<u>**(Plaintiff, Ashley McLaughlin v. City of Methuen)**</u>

76. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 75 of the Complaint as if expressly set forth herein.

77. This Count is brought by the Plaintiff, Ashley McLaughlin, against the Defendant City of Methuen, as it allowed the policies, habits and/or customs described herein to exist within its police station by, including but not limited to Methuen's inaction or insufficient action in training, supervising, and educating its officers.

78. These policies, habits, and/or customs of Methuen as set forth herein allowed the Defendant Officers to believe they could commit misconduct against the Plaintiff with impunity.

79. The policies, habits, and/or customs of Methuen were the moving force behind the actions that resulted in the violations of the Plaintiff's civil rights.

80. The Plaintiff suffered physical and emotional harm, mental anguish, and other damages as a direct and proximate result of Methuen's action, inaction, policies, and/or customs, as set forth herein.  Plaintiff continues to suffer emotional harm and humiliation resulting from the horror, excessive force, and intimidation inflicted upon her by the Defendant Officers as a result of Methuen's action, inaction, policies, habits and/or customs, which allowed and enabled the Defendant Officers to violate the Plaintiff's clearly established constitutional rights. The actions, etc., of Methuen as set forth herein were highly likely to result in the violation of a civilian's civil rights by a Methuen officer and would cause harm, as set forth herein, were foreseeable, and were grossly negligent, deliberately indifferent, and reckless under color of law and without justification or probable cause.

81. As a direct and proximate result of the aforesaid acts of Methuen, the Plaintiff has suffered from, and will continue to suffer from, physical and emotional injuries, mental anguish and other damages.

<u>**COUNT IV**</u>
**CIVIL RIGHTS VIOLATIONS PURSUANT TO M.G.L. c. 12 §§11H and I**
<u>**(Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)**</u>

82. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 81 of the Complaint as if expressly set forth herein.

83. This Count is brought by the Plaintiff against the Defendant Officers, all individually, for civil rights violations pursuant to M.G.L. c. 12, §§ 11H and I as a result of their threats, intimidation and coercion of the Plaintiff as set forth hereinabove; such actions having been engaged in by the Defendant Officers for the purpose of interfering with Plaintiff's

exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth.

84. As a direct and proximate result of the aforesaid acts of the Officers by means of threats, intimidation and coercion as described herein, the Plaintiff has suffered from, and will continue to suffer from, physical and emotional injuries, mental anguish and other damages.

## <u>COUNT V</u>
## <u>COMMON LAW CONSPIRACY TO VIOLATE M.G.L. c. 12 §§11H and I</u>
## <u>(Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)</u>

85. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 84 of the Complaint as if expressly set forth herein.

86. This Count is brought by the Plaintiff against the Defendant Officers, all individually, for civil rights violations pursuant to M.G.L. c. 12, §§ 11H and I.

87. The actions of the above-referenced Officers as set forth herein show that they acted jointly and in concert in furtherance of said conspiracy to violate Plaintiff's state and federally protected civil rights by engaging in behavior that included  threats, intimidation and coercion as set forth hereinabove; such actions having been engaged in by the Defendant Officers for the purpose of  interfering with Plaintiff's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth.as set forth hereinabove.

88. Said conduct thereby obstructed the course of justice and caused a deprivation of rights to the Plaintiff as set forth herein, all in violation of M.G.L. c. 12 §§ 11H and I.

89. As a direct and proximate result of the aforesaid acts of the Officers by means of threats, intimidation and coercion as described herein, the Plaintiff has suffered from, and will continue to suffer from, physical and emotional injuries, mental anguish and other damages.

## <u>COUNT VI</u>
## <u>FALSE IMPRISONMENT</u>
## <u>(Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)</u>

90. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 89 of the Complaint as if expressly set forth herein.

91. This Count is brought by the Plaintiff against the Defendant Officers for false imprisonment.

92. In falsely and wrongfully detaining the Plaintiff, and in falsely arresting, confining, and imprisoning her without warrant or probable cause and with excessive force as set forth

above, Defendant Officers, jointly and in concert and individually, intentionally and without justification, confined the Plaintiff directly or indirectly, and at all times, Plaintiff was conscious and was harmed by such confinement.

93. As a direct and proximate result of the wrongful conduct of the Defendant Officers, the Plaintiff has suffered from and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**COUNT VII**
**ASSAULT AND BATTERY**
**(Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)**

94. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 93 of the Complaint as if expressly set forth herein.

95. This Count is brought by the Plaintiff against the Defendant Officers for assault and battery.

96. In unjustifiably and intentionally threatening to use and in fact using force against the Plaintiff, and/or in intentionally behaving in a wonton or grossly negligent manner resulting in injury her, the Defendant Officers each individually and/or in concert with one another, assaulted and/or battered the Plaintiff in violation of the protections afforded to her under the laws of the Commonwealth and the United States of America.

97. As a direct and proximate result of the conduct of each of the individual Defendant Officers, the Plaintiff has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**COUNT VIII**
**MALICIOUS PROSECUTION**
**(Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)**

98. Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 97 of the Complaint as if expressly set forth herein.

99. This Count is brought by the Plaintiff against Defendant Officers for malicious prosecution.

100.     The Defendant Officers, jointly and severally instituted and/or conspired to institute criminal proceedings against the Plaintiff by initiating false charges in the Lawrence District Court in relation to her November 27, 2018 arrest.

101.     The Defendant officers did so with malice and without probable cause motivated in part by their desire to cover up their own violent bad acts and misconduct perpetrated against the Plaintiff.

102.     All criminal charges against the Plaintiff relating to the events of November 27, 2018 were dismissed at the request of the Commonwealth.

103.     As a direct and proximate result of the malicious prosecution by Defendant Officers of the Plaintiff, she suffered severe emotional distress, endured physical and mental suffering, false imprisonment, false arrest, shame, humiliation, was forced to spend time and money defending against said malicious prosecution by Defendant Officers, and suffered other damages.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Plaintiff, Ashley McLaughlin v. Defendant Officers, Individually)

104.     Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 103 of the Complaint as if expressly set forth herein.

105.     The intentional or grossly reckless actions described above are attributable to each of the Defendant Officers, jointly and severally.  These actions were outrageous and beyond the scope of common decency.

106.     As a direct and proximate result of the intentional and/or grossly reckless actions described above by the Defendant Officers, the Plaintiff suffered great emotional distress and damages flowing therefrom.

## COUNT X
## NEGLIGENCE IN VIOLATION OF M.G.L. ch. 258
## (Plaintiff, Ashley McLaughlin v. City of Methuen)

## STATEMENT RE COMPLIANCE WITH STATUTE

107.     By correspondence dated November 20, 2020, McLaughlin, in accordance with Massachusetts General Laws Chapter 258 § 4, timely presented her claim in writing to the executive officer of the City of Methuen.

108.     The executive officer of the City of Methuen has failed to deny or otherwise respond to McLaughlin's claim in writing within the time prescribed by M.G.L. ch. 258 §4, and so therefore the claim is deemed denied.

## ALLEGATIONS

109.     Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 108 of the Complaint as if expressly set forth herein.

110.     This is an action in which the Plaintiff alleges that the Defendant City is responsible for the direct negligence of its employees, agents, or officers, to wit, the Defendant Officers.

111.     At all times relevant hereto, the Defendants owed a duty to citizens, including criminal suspects and the Plaintiff, to use only reasonable force to apprehend suspects and to refrain from using excessive force when doing so.

112.     The Defendants breached this duty when they used unreasonable and excessive force when they stopped, assaulted, and detained the Plaintiff.

113.     The Defendant Officers owe a duty as police officers to intervene and stop the use of excessive force by other police officers.

114.     The Defendant Officers breached this duty by their failure to intervene to stop the assault and wrongful conduct being perpetrated by their fellow Officers.

115.     The Defendant Officers owed a duty of reasonable care and diligence to have probable cause to arrest citizens, including the Plaintiff.

116.     The Defendant Officers breached this duty of care, and did not have probable cause to arrest the Plaintiff.

117.     The Plaintiff alleges that the Defendants engaged in conduct that was negligent and resulted in her sustaining physical injuries, emotional distress, mental anguish and other damages.

118.     As a direct and proximate result of the negligence of the Defendant in its capacity as employer of the Defendant Officers, suffered injury and harm.

119.     The Defendant's negligence was a direct and proximate cause of Plaintiff's injury and harm.

## COUNT XI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF M.G.L. ch. 258
### (Plaintiff, Ashley McLaughlin v. City of Methuen)

120.     Plaintiff repeats, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 119 of the Complaint as if expressly set forth herein.

121.     This is an action in which the Plaintiff alleges that the Defendant City is responsible for the its employees, agents, or officers, to wit, the Defendant Officers' negligent infliction of emotional distress against the Plaintiff.

122.     At all times relevant hereto, the Defendants owed a duty to citizens, including criminal suspects and the Plaintiff, a duty of reasonable care.

123.     As a direct and proximate result of the negligence of the Defendant in its capacity as employer of the Defendant Officers, suffered emotional distress.

14

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff, Ashley McLaughlin, requests that this Court:

A.  Order All Defendants to cease prospective wrongful conduct;

B.  Order judgment for compensatory damages in the Plaintiff's favor in an amount sufficient to compensate her for her injuries, damages, and losses to the greatest extent permitted in equity and law;

C.  Order punitive damages, where applicable, to the Plaintiff;

D.  Order such payments to the Plaintiff of interest, costs, and her attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 and any other statute or common law theory of recovery applicable to the facts of this case;

E.  Order such payments to Plaintiff of interest, costs, and her attorneys' fees pursuant to M.G.L. c. 12 §11I and any other statute or common law theory recovery applicable to the facts of this case; and,

F.  Any other relief as this Court deems just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS COMPLAINT.**

The Plaintiff,
Ashley McLaughlin,
By her attorneys,

*/s/ Patrick T. Jones*
_____
Patrick T. Jones, BBO# 253960
pjones@joneskell.com
Robert A. DeLello, BBO# 634475
rdelello@joneskell.com
Erin K. Thurston, BBO #689736
ethurston@joneskell.com
JONES KELLEHER LLP
21 Custom House Street
Boston, MA  02110
Tel: 617-737-3100
Fax: 617-737-3113

DATED: *November 12, 2021*

15